UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURIE MEISTER, HOWARD MEISTER,
by and through his Legal Guardian, Laurie Meister,
CEM and WBM, by and through their Mother,
Laurie Meister,

      Plaintiffs,

v.                                            Case No. 8:08-cv-2392-T-30TBM

WILLIAM "Billy" UNDERWOOD; JAMES TASSIN;
NED SUTTLE, both individually and in his capacity as
Lauderdale County Alabama District Court Judge;
CHRIS CONNELLY, both individually and in his
capacity as Lauderdale County Alabama District Attorney;
STEVE GRAHAM, both individually and in his
capacity as Lauderdale County Alabama District Attorney;
THE LAUDERDALE COUNTY ALABAMA SHERIFF and
SHERIFF'S OFFICE; THE CITY OF FLORENCE,
ALABAMA; THE FLORENCE ALABAMA POLICE
DEPARTMENT; SCOTT "Scotty" PERKINS, both individually
and in his capacity as a Florence, Alabama Police Department
Officer/Employee; JACKEY WATKINS, both individually and
in his capacity as a Florence, Alabama Police Department
Officer/Employee; the COUNTY OF LAUDERDALE,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

      THIS MATTER is before the court on the *pro se* Plaintiff's **Affidavit of Indigency** (Doc. 2), which the court construes as a motion to proceed *in forma pauperis.* Upon review and consideration of the Affidavit of Indigency (Doc. 2), I recommend that the motion be **DENIED.** Plaintiff claims $2,600 in disability benefits each month and $31,200 therefrom in the last twelve months. While she professes to have substantial medical debts, a comparison

of the income versus monthly expenses indicates that she has the wherewithal to pay the filing fees in this cause.[1]

For these reasons, I recommend that the Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

Respectfully submitted on this
20th day of January 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James S. Moody, Jr., United States District Judge
*Pro se* Plaintiff

---

[1] It appears that Plaintiff asserts diversity jurisdiction in this action. If so, the allegations in the complaint suggest that venue is *not* appropriate in this court, but rather the matter should be brought in a district court in Alabama. Before proceeding further in this court, Plaintiff is advised to revisit the federal venue statutes at 28 U.S.C. § 1391 *et seq.*